J-S23012-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY C. HARKINS, | : | |
| | : | |
| Appellant | : | No. 628 EDA 2014 |

Appeal from the PCRA Order February 6, 2014,
Court of Common Pleas, Chester County,
Criminal Division at No(s): CP-15-CR-0001857-2006
and CP-15-CR-0002546-2008

BEFORE:  DONOHUE, SHOGAN and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                     **FILED MAY 13, 2015**

Gary C. Harkins ("Harkins") appeals from the denial of his motion for transcription and production of notes of testimony.  We quash.

In October 2006, Harkins pled guilty to indecent assault and corruption of minors[1] and was sentenced to five years of probation.  In March 2009, Harkins pled guilty to luring a child into a motor vehicle, corruption of minors, resisting arrest and indecent assault of a person less than sixteen years old.[2]  He was sentenced, in relevant part, to eleven and a half to twenty-three months of incarceration, followed by eight years of probation. In April 2012, Harkins pled guilty to violating multiple parole and probationary sentences that he was serving at that time.  The trial court

---

[1] 18 Pa.C.S.A. §§ 3126(a)(8), 6301(a)(1).

[2] 18 Pa.C.S.A. §§ 2910, 6301(a)(1), 5104, 3126(a)(8).

*Retired Senior Judge assigned to the Superior Court.

resentenced Harkins.[3] Harkins did not seek to withdraw his guilty pleas nor did he file a direct appeal.

No further activity occurred until June 18, 2013, when Harkins filed a motion seeking transcripts of the guilty plea proceedings that occurred following the revocation of his parole and probationary sentences. Motion for Transcription and Production of Notes of Testimony, 6/18/13, at 1.[4] The lower court elected to treat this filing as a petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"), and entered an order granting Harkins leave to proceed in forma pauperis and appointing counsel. Trial Court Opinion, 6/27/13.[5] Appointed counsel ("Counsel") filed a petition seeking to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). On July 31, 2013, the lower court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Harkins did not file a response to this notice. On January 31, 2014, the lower court granted Counsel's request

---

[3] Although not germane to our disposition, we note that the trial court imposed the balance of the maximum sentences on Harkins' parole violations and reinstated the probationary sentences on the probation violations. *See* Trial Court Opinion, 4/16/14, at 3-4.

[4] Harkins averred that the notes of testimony "are necessary and pertinent in the pursuit of [] petition for post-conviction collateral relief" but he did not raise any issues or identify what issues he sought to raise in a post-conviction relief petition. *See* Motion for Transcription and Production of Notes of Testimony, 6/18/13, at 1-3.

[5] The lower court did not grant or deny Harkins' request for transcripts in this order.

- 2 -

and dismissed Harkins' "petition." Harkins timely filed a notice of appeal and, in response to the lower court's directive, a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[6]

Presently, Harkins raises two issues for our review:

1. Was [the] plea agreement breached by the court[] where [Harkins] had agreed to the Commonwealth's plea offer and the court had excepted [sic] the offer and had sentenced [Harkins] to an incarcerated term followed by ten [] year registration pursuant to Megan's Law?

2. Did the court err when it had dismissed [Harkins'] PCRA petition[] when it had erroneously misapplied the "prisoner mailbox rule" for prisoner's [sic] proceeding pro se?

Harkins' Brief at 3. Harkins did not include either of these issues in his statement of matters complained of on appeal. *See* Concise Statement of Errors, 3/26/14.[7] It is well settled that issues not included in a court-ordered statement of matters complained of are waived for purposes of appeal. *Commonwealth v. Jackson*, 10 A.3d 341, 347 n.4 (Pa. Super. 2010); Pa.R.A.P. 1925(b)(4)(vii). Our Supreme Court has repeatedly reiterated that this is a bright-line rule and that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court

---

[6] In the order directing Harkins to file a concise statement of errors complained of on appeal, the lower court specifically advised that "[a]ny issue not properly included in the [s]tatement shall be deemed waived." Trial Court Order, 3/16/14.

[7] In this statement, Harkins raised only five vague allegations of ineffective assistance of counsel. Concise Statements of Errors, 3/26/14, at 1-2.

orders them to file a [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005); **see also Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011). Here, as the lower court ordered Harkins to file a statement of matters complained of on appeal and he failed to include these issues therein, we must find that they have been waived. As neither of the issues presented in this appeal has been preserved properly, we quash.[8]

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2015

---

[8] We question the propriety of the lower court's election to treat Harkins' motion for transcripts as a PCRA petition, as Harkins conspicuously did not seek any relief thereby or raise any issues therein; however, Harkins has not challenged this classification by the lower court at any point in the court below or on appeal.